**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE T. SMITH, | 3:15-cv-00511-RCJ-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| JAMES COX, *et al.*, | |
| Defendants. | |

Before the court is plaintiff's motion for leave to file an amended complaint (ECF No. 18), which defendant opposed (ECF No. 24).  Plaintiff subsequently filed a motion to strike (ECF No. 26), to which defendant responded (ECF No. 29).  Also before the court is plaintiff's motion for verification (ECF No. 27).  For the following reasons, plaintiff's motion to amend (ECF No. 18) is granted, plaintiff's motion to strike (ECF No. 26) is denied, and plaintiff's motion for verification (ECF No. 27) is denied as moot.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Willie T. Smith ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC").  Presently, plaintiff is incarcerated at Ely State Prison ("ESP") in Ely, Nevada.  On October 9, 2015, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4).  The court entered a screening order on March 31, 2016 (ECF No. 3), by which plaintiff is permitted to proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against defendant Isidro Baca.

On June 7, 2016, the District Court dismissed with prejudice defendants James Cox, Romeo Aranas, J. Garner, and J. Keast from this action.  (*See* ECF No. 6.)  On October 5, 2016, plaintiff filed a motion for leave to amend his complaint (ECF No. 18), in which he seeks to identify Jane Doe defendant as Dr. Karen Gedney and clarify his First Amendment retaliation claim.

## II.    MOTION TO AMEND

**1.    Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  However, the ability to amend is not without limits.  Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.  *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).  The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment.  *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Alone, such alteration is not fatal.  *Id*.  In contrast, futility "alone can justify the denial of a motion for leave to amend."  *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc*., 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998).

**2.    Discussion**

Plaintiff moves to amend to cure alleged deficiencies in his complaint as well as identify Jane Doe defendant as Dr. Karen Gedney.  (ECF No. 18 at 3.)  However, insofar as plaintiff attempts to re-allege the dismissed claims against defendants Cox, Aranas, Garner, and Keast, those claims will not proceed, as those defendants have been dismissed with prejudice.  (*See* ECF No. 6 at 2.)  Defendant opposes the proposed amended complaint because he claims it is prejudicial, produces undue delay, and is futile (ECF No. 24 at 1.)

The court finds that the motion to amend should be granted, as the *Desertrain* factors weigh in plaintiff's favor. First, rather than bad faith, the record demonstrates that plaintiff is acting in good faith to amend his complaint to replace one of the Doe defendants and correct purported deficiencies in the original complaint as to his First Amendment retaliation claim, as permitted by the screening order. (*See* ECF No. 3 at 5.) Second, while plaintiff did move to amend well after the thirty-day leave to amend period had expired, it should be noted that plaintiff moved to amend before defendant filed his motion for summary judgment and no scheduling order has been issued in this case. Therefore, the court finds that plaintiff did not delay in seeking amendment.

Third, defendant is not prejudiced by the amendment, as it merely seeks to clarify Jane Doe's identity and seeks to clarify plaintiff's First Amendment retaliation claim, which the screening order gave plaintiff leave to amend. (*See* ECF No. 3 at 5.) Defendant argues that he is in fact prejudiced as he has been litigating the case for months, has attended a hearing based on plaintiff's current complaint, has attended a mediation, and has drafted and filed a motion for summary judgment in this case. (ECF No. 24 at 3.) As discussed above, plaintiff moved to amend before defendant's motion for summary judgment was filed and no scheduling order has been filed in this case. Further, because plaintiff is merely identifying a Doe defendant and clarifying (by naming as defendants Baca and Gedney) his First Amendment retaliation claim, the court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Therefore, the court does not find that defendant is prejudiced by amendment.

Fourth, the court does not find amendment to be futile because amendment here is proper to identify the Doe defendant and name defendants Baca and Gedney in plaintiff's First Amendment retaliation claim. Finally, plaintiff has not yet amended, which also weighs in his favor. In sum, the five *Desertrain* factors each weigh in his favor, and, therefore, the court concludes that amendment is proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    MOTION TO STRIKE

Pursuant to Federal Rules of Civil Procedure, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f). "Redundant" matters are duplicative and repetitive.  *Chan v. Pan W. Corp.*, No. 2:10-cv-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011).  "Immaterial" matters are those that have "no bearing on the controversy before the court."  *Id*.  "Impertinent" matters are those that "are not responsive to the issues that arise in the action . . . ."  *Id*.  A matter is "scandalous" when it casts a "cruelly derogatory light on a party or other person."  *Id*.  Rule 12(f) motions are drastic remedies and, as such, are generally disfavored by federal courts.  *Nevada Fair Hous. Ctr., Inc. v. Clark Cnty.*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008).

Plaintiff moves to strike defendant's opposition (ECF No. 24) to plaintiff's motion to amend, defendant's motion for summary judgment (ECF No. 21), and defendant's motion for leave to file documents under seal (ECF No. 20) on the grounds that they are made in bad faith, are moot, and are scandalous.  (ECF No. 26 at 3, 6.)  Having thoroughly reviewed defendant's opposition and motion for summary judgment, the court does not find them to be "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Accordingly, the court denies plaintiff's motion to strike (ECF No. 24).

### IV.    MOTION FOR VERIFICATION

Finally, before the court is plaintiff's motion for verification (ECF No. 27).  The court construes this motion as a certificate of service for plaintiff's motion to strike (ECF No. 24). Because plaintiff's motion to strike was filed with the clerk of court, plaintiff's motion for verification is denied as moot.

### V.    CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (ECF No. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **FILE** the amended complaint (ECF No. 18-1);

1   **IT IS FURTHER ORDERED** that plaintiff's First Amendment retaliation claim shall
2   **PROCEED** against defendants Baca and Gedney;

3   **IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment deliberate indifference
4   claim shall **PROCEED** against defendants Baca and Gedney;

5   **IT IS FURTHER ORDERED** that plaintiff's motion to strike (ECF No. [26]) is **DENIED**;
6   and

7   **IT IS FURTHER ORDERED** that plaintiff's motion for verification (ECF No. 27) is
8   **DENIED** as moot.

9   **IT IS FURTHER ORDERED** that a case management conference will be scheduled to
10   discuss the effect of this order on defendant's pending motion for summary judgment (ECF Nos.
11   20, 21) and plaintiff's motion for extension (ECF No. 28).

12   **IT IS SO ORDERED.**

13   **DATED**: January 30, 2017.

14   _____
15   **UNITED STATES MAGISTRATE JUDGE**